UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| WILLIAM W. MURPHY, JR. | ) | CASE NO. 11-34704 |
| | ) | Chapter 7 |
| Debtors | ) | |

_____

| | | |
|---|---|---|
| CEDRIC SAVAGE | ) | |
| Plaintiff | ) | |
| vs. | ) | ADV. NO. 12-3003 |
| WILLIAM W. MURPHY | ) | |
| Defendant | | |

_____

## MEMORANDUM OPINION

This adversary proceeding comes before the Court on the Motion for Summary Judgment filed by the Plaintiff, Cedric Savage ("Plaintiff"). At issue is whether the debt owed to Plaintiff is nondischargeable pursuant to 11 U.S.C. § 523(a)(6). Upon review of the motion, the supporting documents, and the response filed by the Defendant, William W. Murphy ("Defendant"), the Court concludes that summary judgment should be granted in favor of the Plaintiff.

## JURISDICTION

Determinations of dischargeability are core proceedings under 28 U.S.C. § 157(b)(2)(I). The Court has jurisdiction over core proceedings under 28 U.S.C. §§ 1334 and 157(a).

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant hired or employed others to physically harm Plaintiff and these others did in fact cause physical harm and injury to the Plaintiff. The Defendant was indicted and plead guilty to assault. On November 6, 2007, the Defendant was sentenced to prison, placed upon probation, and ordered to pay restitution. On April 16, 2007, Plaintiff filed a civil complaint against the Defendant

in Jefferson Circuit Court. Count I of the complaint sought damages for intentional/negligent infliction of emotional distress/ outrage. Count II sought damages for assault. Defendant did not respond to the complaint, and on July 20, 2010, Jefferson Circuit Court entered a Default Judgment against the Defendant. After an evidentiary hearing on May 31, 2011, the Circuit Court entered a Final Judgment on June 9, 2011. Plaintiff was awarded damages in the amount of $50,000.00 for pain and suffering, $40,000.00 for future medical expenses and future pain and suffering, and $50,000.00 for punitive damages.

Defendant filed for bankruptcy relief on September 30, 2011, and on January 6, 2012, the Plaintiff commenced this adversary proceeding against the Defendant seeking to hold the Final Judgment nondischargeable under 11 U.S.C. § 523(a)(6). On April 13, 2012, the Plaintiff filed the Motion for Summary Judgment currently before the Court. On May 24, 2012, the Defendant filed a Response. In the Response, the Defendant did not dispute any of the factual allegations as alleged by the Plaintiff. Rather, the Defendant indicated that he had made some restitution payments as ordered in the criminal case. The Defendant then speculated on the Plaintiff's ability to collect on the Final Judgment, and made an Offer of Judgment. The Plaintiff then filed a Reply pointing out that the collectability of the judgment is not an issue in this adversary proceeding, but instead the only issue to be determined is the dischargeability of the Final Judgment in this bankruptcy case.

## SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(c), made applicable to bankruptcy proceedings by Bankruptcy Rule 7056, provides that a court shall render summary judgment:

> if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there

2

> is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The party moving the Court for summary judgment bears the burden of showing that "there is no genuine issue as to any material fact and that [the moving party] is entitled to judgment as a matter of law." Jones v. Union County, 296 F.3d 417, 423 (6th Cir. 2002). See generally Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the moving party meets that burden, the nonmoving party "must identify specific facts supported by affidavits, or by depositions, answers to interrogatories, and admissions on file that show there is a genuine issue for trial." Hall v. Tollett, 128 F.3d 418, 422 (6th Cir. 1997) (emphasis added). In determining the existence or nonexistence of a material fact, a court will view the evidence in a light most favorable to the nonmoving party. Tennessee Dep't of Mental Health & Mental Retardation v. Paul B., 88 F.3d 1466, 1472 (6th Cir. 1996). Absent such evidence from the nonmoving party in a motion for summary judgment, the Court need not comb the entire record to determine if any of the available evidence could be construed in such a light. See In re Morris, 260 F.3d 654, 665 (6th Cir. 2001) (holding that the "trial court no longer has the duty to search the entire record to establish that it is bereft of a genuine issue of material fact").

## DISCUSSION

Section 523(a)(6) of the Bankruptcy Code provides as follows:

> (a) A discharge under §727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt -
>
> (6) for willful and malicious injury by the debtor to another entity or to the property of another entity.

"Willfulness" has been defined as the (i) desire to cause the consequences of the act or (ii) belief that the consequences are substantially certain to result. Kawaauhau v. Geiger, 523 U.S. 57, 61–62,

118 S.Ct. 974, 140 L.Ed.2d 90 (1998); Kennedy v. Mustaine (In re Kennedy), 249 F.3d 576, 580 (6th Cir. 2001) (citations omitted). "Malice" for purposes of § 523(a)(6), was defined by the Supreme Court in Tinker v. Colwell, 193 U.S. 473, 24 S.Ct. 505, 48 L.Ed. 754 (1904), as "a wrongful act, done intentionally, without just cause or excuse." Id. at 485–86, 24 S.Ct. 505 (internal quotation marks and citation omitted); see also Markowitz v. Campbell (In re Markowitz), 190 F.3d 455 (6th Cir. 1999).

The Plaintiff contends that the Final Judgment should be declared nondischargeable pursuant to § 523(a)(6) as a debt arising from willful and malicious injury. This Court agrees. Assault is almost the very definition of willful and malicious injury. In re Musilli, 379 Fed.Appx. 494 (6th Cir. 2010) (non-exclusive list of misconduct that satisfies the willful and malicious injury standard, including assault); Hardin v. Caldwell, 897 F.2d 529 (6th Cir. 1990) (verdict for assault constitutes a debt "for willful and malicious injury" to another and, therefore, would not be dischargeable under Chapter 7). There is no doubt that the defendant committed assault upon the Plaintiff, having plead guilty to that crime.

The only real question presented to this Court is what weight must be given to the state court default judgment in making its determination as to the dischargeability of the debt evidenced by the Final Judgment. The issue of the preclusive effect of state court proceedings upon dischargeability proceedings was addressed in In re Calvert (Bay Area Factors, a Division of Dimmitt & Owens Financial, Inc. v. Calvert), 105 F.3d 315, 318 (6th Cir.1997). In Calvert, the 6th Circuit set forth a two part test to determine whether a federal court should give full faith and credit to a state court default judgment. This Court must first consider whether a Kentucky state court would give preclusive effect to a default judgment. If a Kentucky state court would not give preclusive effect

4

to a default judgment, then a federal court may not give preclusive effect to that judgment. If, however, a Kentucky state court would accord the judgment preclusive effect, then federal courts must give that judgment preclusive effect unless Congress has expressly or impliedly created an exception to prevent the application of the Full Faith and Credit Statute, 28 U.S.C. § 1738.

Turning to the first determination, whether default judgments are given preclusive effect under Kentucky law, this Court concludes that Kentucky does indeed give preclusive effect to default judgments. See Davis v. Tuggle's Admr., 297 Ky. 376, 178 S.W.2d 979 (1944) ("The fact that no defense was offered in the suit against the contentions of the widow cannot make any difference, for the rule as to the conclusiveness of judgments applies to a judgment by default or decree pro confesso."); In re Morris, 229 B.R. 683 (Bankr. E.D. Ky. 1999).

Since Kentucky would give the default judgment preclusive effect, this Court turns to the second determination, whether dischargeability falls within an exception to 28 U.S.C. § 1738. As the 6th Circuit pointed out in Calvert, nothing in the Bankruptcy Code or the extensive legislative history suggests that Congress intended to exclude default judgments obtained in state court from the applicability of the Full Faith and Credit Statute in dischargeability proceedings in bankruptcy court. Calvert at 321.

Accordingly, this Court concludes it must give full faith and credit to the default judgment obtained in Jefferson Circuit Court finding this debt resulted from the Defendant's willful and malicious injury to the Plaintiff. The debt is therefore nondischargeable pursuant to 11 U.S.C. § 523(a)(6).

The Court will conclude by addressing some of the points raised by the Defendant in his Response to the Motion for Summary Judgment. The Defendant contends he has paid restitution

as ordered in the criminal proceeding. Whether the Defendant has completed the criminal portion of his sentence has no bearing on the dischargeability of the civil Final Judgment. The Defendant also contends that it is unlikely that the Plaintiff will be able to fully collect upon the Final Judgment. Again, this argument has no bearing on the dischargeability of the Final Judgment. In consideration of all the foregoing, the Plaintiff's Motion for Summary Judgment will be granted. A separate judgment will be entered in accordance with this memorandum.

Alan C. Stout
United States Bankruptcy Judge

Dated: June 5, 2012

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| In re: ) | | |
| ) | | |
| WILLIAM W. MURPHY, JR. ) | | CASE NO. 11-34704 |
| ) | | Chapter 7 |
| Debtors ) | | |

___

| | | |
|---|---|---|
| CEDRIC SAVAGE ) | | |
| Plaintiff ) | | |
| vs. ) | | ADV. NO. 12-3003 |
| WILLIAM W. MURPHY ) | | |
| Defendant | | |

___

## JUDGMENT

Pursuant to the Court's Memorandum entered this same date and incorporated herein by reference, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that the June 9, 2011Final Judgment entered in Jefferson Circuit Court is non-dischargeable pursuant to 11 U.S.C. § 523(a)(6). This is a final and appealable order disposing of all issues of the case. There is not just cause for delay.

_____
Alan C. Stout
United States Bankruptcy Judge

Dated: June 5, 2012